UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC JOHNSON, | ) | 1:10-cv—00256-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING PETITIONER TO |
| | ) | WITHDRAW HIS UNEXHAUSTED CLAIMS |
| | ) | WITHIN THIRTY (30) DAYS OF |
| v. | ) | SERVICE OR SUFFER DISMISSAL OF |
| | ) | THE ACTION |
| RAUL LOPEZ, | ) | |
| | ) | DEADLINE: THIRTY (30) DAYS |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on February 16, 2010.

I. Background

Petitioner is an inmate of the California State Prison at Corcoran serving a sentence of five years and four months for eight counts of indecent exposure in violation of Cal. Pen. Code § 314.1. The offenses, consisting of repeated acts of masturbation, were committed while Petitioner was an inmate of a

1

state prison. (Pet. 1-7.) Petitioner's central contention is that the evidence of the conduct constituting the offenses was insufficient because the location of the conduct was a state prison, and thus the offense was not committed in a public place as Petitioner maintains the statute defining the crime required.

Petitioner raises claims concerning the following grounds in the petition: 1) unspecified ineffective assistance of his appellate counsel for failing to advocate Petitioner's theory of the case; 2) malicious prosecution based on Petitioner's position that a prison is not a public place within the meaning of the statute defining the crime; 3) prosecutorial misconduct based on misrepresentation of the law of indecent exposure with respect to commission of the offense in a public place, reference in argument to Petitioner's having admitted committing the act or conduct portion of the offense, and reference to Petitioner's prior convictions; and 4) judicial misconduct based on the trial court's failure to require the correct law to be applied at the preliminary hearing and failure to let Petitioner file a motion. (Pet. 4-7.)

II.  Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due

3

      process of law guaranteed by the Fourteenth Amendment,
he must say so, not only in federal court, but in state
court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

      Here, Petitioner admits that none of his claims was presented in any state court except for claim three concerning prosecutorial misconduct.  (Pet. 6.)  Reference to the unpublished opinion of the California Court of Appeal, Fifth Appellate District (DCA), which is included as an exhibit to the petition, reveals that the only basis for prosecutorial

4

misconduct raised in the DCA was the prosecutor's statement during rebuttal argument concerning how Petitioner's argument, which admitted that Petitioner did not deny that the alleged acts happened, could be interpreted as a confession, and thus that Petitioner's argument was based on an invitation to the jury to disregard the law. (Pet. 18-19.)

Petitioner's petition for review filed in the California Supreme Court was denied on December 23, 2009. (Pet. 11.) Although Petitioner states that it is not known what grounds were raised in his petition for review filed in the California Supreme Court (Pet. 2), it is not logically possible that claims not raised before the DCA could have been included in a petition for review filed in the California Supreme Court.

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). Further, where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). However, the Court must give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims. Rose v. Lundy, 455 U.S. at

520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

The instant petition is a mixed petition containing exhausted and unexhausted claims.  The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claim in lieu of suffering dismissal.

### III. Disposition

Accordingly, it is hereby ORDERED that:

1) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims.  In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the Petition without prejudice; and

2) Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies.  However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 172 (2001).

Petitioner is further informed that the Supreme Court has held in pertinent part:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

IT IS SO ORDERED.

**Dated:   November 23, 2010**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE