UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC JOHNSON, | ) | 1:10-cv-00256-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING PETITIONER TO |
| | ) | SHOW CAUSE IN WRITING NO LATER |
| | ) | THAN TWENTY-ONE (21) DAYS AFTER |
| v. | ) | SERVICE OF THIS ORDER WHY THE |
| | ) | ACTION SHOULD NOT BE DISMISSED |
| RAUL LOPEZ, | ) | WITHOUT PREJUDICE FOR FAILURE TO |
| | ) | EXHAUST STATE COURT REMEDIES |
| Respondent. | ) | (DOCS. 1, 11) |
| | ) | |
| | ) | DEADLINE: TWENTY-ONE (21) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on February 16, 2010.

I. Background

Petitioner is an inmate of the California State Prison at Corcoran serving a sentence of five years and four months for eight counts of indecent exposure in violation of Cal. Pen. Code § 314.1. The offenses, consisting of repeated acts of masturbation, were committed while Petitioner was an inmate of a

1

state prison. (Pet. 1-7.) Petitioner's central contention is that the evidence of the conduct constituting the offenses was insufficient because the location of the conduct was a state prison, and thus the offense was not committed in a public place as Petitioner maintains the statute defining the crime required.

Petitioner raises claims concerning the following grounds in the petition: 1) unspecified ineffective assistance of his appellate counsel for failing to advocate Petitioner's theory of the case; 2) malicious prosecution based on Petitioner's position that a prison is not a public place within the meaning of the statute defining the crime; 3) prosecutorial misconduct based on misrepresentation of the law of indecent exposure with respect to commission of the offense in a public place, reference in argument to Petitioner's having admitted committing the act or conduct portion of the offense, and reference to Petitioner's prior convictions; and 4) judicial misconduct based on the trial court's failure to require the correct law to be applied at the preliminary hearing and failure to let Petitioner file a motion. (Pet. 4-7.)

By order filed on November 24, 2010, the Court reviewed the petition and the law concerning exhaustion of state court remedies. The Court concluded that because the petition appeared to be a mixed petition, Petitioner could withdraw the unexhausted claims and proceed with the exhausted ones, or face dismissal of the petition without prejudice. The Court gave Petitioner thirty days to file a motion to withdraw the unexhausted claims. The Court informed Petitioner as follows:

///

1
2
3
> In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the Petition without prejudice.

4   (Doc. 11, 6:13-16.)  The order was served on Petitioner by mail
5   on November 24, 2010.

6   On January 3, 2011, Petitioner filed a purported notice of
7   appeal from the Court's order of November 24, 2010.  On April 19,
8   2011, the Court of Appeals for the Ninth Circuit dismissed the
9   appeal for lack of jurisdiction because it was taken from an
10  order that was neither appealable nor final, and the appeal was
11  terminated.  (Doc. 15.)

12       II.   Exhaustion of State Court Remedies

13       A petitioner who is in state custody and wishes to challenge
14  collaterally a conviction by a petition for writ of habeas corpus
15  must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
16  The exhaustion doctrine is based on comity to the state court and
17  gives the state court the initial opportunity to correct the
18  state's alleged constitutional deprivations.  Coleman v.
19  Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
20  518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.
21  1988).

22       A petitioner can satisfy the exhaustion requirement by
23  providing the highest state court with the necessary jurisdiction
24  a full and fair opportunity to consider each claim before
25  presenting it to the federal court, and demonstrating that no
26  state remedy remains available.  Picard v. Connor, 404 U.S. 270,
27  275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
28  1996).  A federal court will find that the highest state court

3

was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the factual and legal basis for the claim. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law.

4

> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Here, Petitioner admits that none of his claims was presented in any state court except for claim three (3) concerning prosecutorial misconduct. (Pet. 6.) Reference to the unpublished opinion of the California Court of Appeal, Fifth Appellate District (DCA), which is included as an exhibit to the petition, reveals that the only basis for prosecutorial misconduct raised in the DCA was the prosecutor's statement during rebuttal argument concerning how the argument for Petitioner, which admitted that Petitioner did not deny that the alleged acts happened, could be interpreted as a confession, and thus that Petitioner's argument was based on an invitation to the jury to disregard the law. (Pet. 18-19.)

Petitioner's petition for review filed in the California Supreme Court was denied on December 23, 2009. (Pet. 11.)

5

1 Although Petitioner states that it is not known what grounds were
2 raised in his petition for review filed in the California Supreme
3 Court (Pet. 2), it is not logically possible that claims not
4 raised before the DCA could have been included in a petition for
5 review filed in the California Supreme Court.
6    Where none of a petitioner's claims has been presented to
7 the highest state court as required by the exhaustion doctrine,
8 the Court must dismiss the petition. Raspberry v. Garcia, 448
9 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,
10 481 (9th Cir. 2001). Further, where some claims are exhausted
11 and others are not (i.e., a "mixed" petition), the Court must
12 dismiss the petition without prejudice to give Petitioner an
13 opportunity to exhaust the claims if he can do so. Rose, 455
14 U.S. at 510, 521-22; Calderon v. United States Dist. Court
15 (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert.
16 denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d
17 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997).
18 However, the Court must give a petitioner an opportunity to amend
19 a mixed petition to delete the unexhausted claims and permit
20 review of properly exhausted claims. Rose v. Lundy, 455 U.S. at
21 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981,
22 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v.
23 Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).
24    The instant petition is a mixed petition containing
25 exhausted and unexhausted claims. The Court must dismiss the
26 petition without prejudice unless Petitioner withdraws the
27 unexhausted claims and proceeds with the exhausted claim in lieu
28 of suffering dismissal.

III. Disposition

Petitioner has failed to file a motion to withdraw any unexhausted claims despite having been given an opportunity to file such a motion. The petition should be dismissed as a mixed petition. However, in an abundance of caution stemming from the pendency of the intervening appellate proceedings, the Court will permit Petitioner to show cause why the action should not be dismissed as a mixed petition.

Accordingly, it is hereby ORDERED that Petitioner is GRANTED twenty-one (21) days from the date of service of this order to file a motion to withdraw the unexhausted claims or show other cause why the petition should not be dismissed without prejudice for failure to exhaust state court remedies. In the event Petitioner does not show cause or file a motion to withdraw unexhausted claims, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will recommend dismissal of the petition without prejudice.

IT IS SO ORDERED.

**Dated:   May 3, 2011**                    **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE