UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC JOHNSON, | ) | 1:10-cv—00256-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS THE PETITION WITHOUT |
| | ) | PREJUDICE AS A MIXED PETITION |
| v. | ) | CONTAINING UNEXHAUSTED CLAIMS |
| | ) | (Docs. 16, 11, 1) |
| RAUL LOPEZ, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| Respondent. | ) | DECLINE TO ISSUE A CERTIFICATE OF |
| | ) | APPEALABILITY AND TO DIRECT THE |
| | ) | CLERK TO CLOSE THE ACTION |

**OBJECTIONS DEADLINE:
THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on February 16, 2010.

I. <u>Background</u>

Petitioner is an inmate of the California State Prison at Corcoran serving a sentence of five years and four months for eight counts of indecent exposure in violation of Cal. Pen. Code § 314.1. Petitioner challenges various aspects of the trial

1

1 proceedings that resulted in his conviction.

2     On November 24, 2011, the Court found that Petitioner had
3 admitted that only one of his numerous claims had been presented
4 to the California Supreme Court; thus, the petition was a mixed
5 petition containing exhausted and unexhausted claims. The Court
6 informed Petitioner that it must dismiss the petition without
7 prejudice unless Petitioner withdrew the unexhausted claims and
8 proceeded with the exhausted claim in lieu of suffering
9 dismissal. Petitioner was directed to file a motion to withdraw
10 the unexhausted claims within thirty days. Petitioner was
11 informed that if he did not file such a motion, the Court would
12 assume he desired to return to state court to exhaust the
13 unexhausted claims and would therefore dismiss the petition
14 without prejudice.

15     The order was served by mail on Petitioner on November 24,
16 2011. Over thirty days passed, but Petitioner did not file a
17 motion to withdraw the admittedly unexhausted claims. Instead,
18 Petitioner filed a notice of appeal on January 3, 2011. On April
19 19, 2011, the Court of Appeals for the Ninth Circuit dismissed
20 the appeal for lack of jurisdiction.

21     On May 4, 2011, the Court directed Petitioner to show cause
22 in writing within twenty-one days why the petition should not be
23 dismissed without prejudice for failure to exhaust state court
24 remedies. The order was served on Petitioner on the same date.
25 Over twenty-one days have passed, but Petitioner has not shown
26 any cause why the petition should not be dismissed as a mixed
27 petition. Instead, on May 5, 2011, Petitioner filed a document
28 in which he pointed out that although the time had passed, the

Court had not dismissed the action, which was prejudicing Petitioner's right to prosecute an appeal.  (Doc. 17.)

## II. Dismissal of the Petition

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

3

(9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and

>  federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). Further, where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). However, the Court must give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims. Rose v. Lundy, 455 U.S. at 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

Here, the petition is admittedly a mixed petition. Petitioner has been given an opportunity to amend the petition to withdraw the unexhausted claims to permit review of the properly exhausted claim. However, Petitioner has not withdrawn the unexhausted claims. The Court concludes that Petitioner desires

to return to state court to exhaust the unexhausted claims. Therefore, it will be recommended that the petition be dismissed without prejudice.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an

6

1 applicant to show more than an absence of frivolity or the
2 existence of mere good faith; however, it is not necessary for an
3 applicant to show that the appeal will succeed. <u>Miller-El v.</u>
4 <u>Cockrell</u>, 537 U.S. at 338.

5     A district court must issue or deny a certificate of
6 appealability when it enters a final order adverse to the
7 applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

8     Here, it does not appear that reasonable jurists could
9 debate whether the petition should have been resolved in a
10 different manner. Petitioner has not made a substantial showing
11 of the denial of a constitutional right.

12     Accordingly, it will be recommended that the Court decline
13 to issue a certificate of appealability.

14     IV.  <u>Recommendations</u>

15     Accordingly, it is RECOMMENDED that:

16     1)  The petition for writ of habeas corpus be DISMISSED
17 without prejudice because it is a mixed petition containing both
18 exhausted and unexhausted claims; and

19     2) The Court DECLINE to issue a certificate of
20 appealability; and

21     3)  The Clerk be DIRECTED to close the action.

22     These findings and recommendations are submitted to the
23 United States District Court Judge assigned to the case, pursuant
24 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
25 the Local Rules of Practice for the United States District Court,
26 Eastern District of California.  Within thirty (30) days after
27 being served with a copy, any party may file written objections
28 with the Court and serve a copy on all parties.  Such a document

7

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 22, 2011**              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE